# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 6:20-cr-409-MC |
| v. | INFORMATION |
| MARIAM GEVORKOVA, | 18 U.S.C. § 1349<br>18 U.S.C. § 1028A<br>21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 |
| Defendant. | Forfeiture Allegations |

## THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTORY ALLEGATIONS

At all relevant times:

1. Defendant **MARIAM GEVORKOVA** resided in and around Corvallis, Oregon.

2. Defendant's co-conspirators resided in and around Corvallis, Oregon and in California.

3. Synchrony Bank, Discover Bank, Capital One Bank, Citibank, U.S. Bank, Bank of America, USAA Federal Savings Bank, Wells Fargo Bank, JPMorgan Chase Bank, Comenity Bank, and Oregon State Credit Union (hereinafter, collectively, "Victim Financial Institutions") were financial institutions within the meaning of Title 18, United States Code, Section 20(1), as their deposits were insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration Board.

**INFORMATION**         **Page 1**

# COUNT 1
**(Conspiracy to Commit Bank Fraud)**
**(18 U.S.C. § 1349)**

4. Paragraphs 1-3 of the Introductory Allegations are incorporated here.

5. Beginning no later than February 2015 and continuing through in or about June 2018, defendant **MARIAM GEVORKOVA** did knowingly conspire and agree with others, known and unknown, to violate Title 18, United States Code, Section 1344, that is, to execute a scheme and artifice to defraud the Victim Financial Institutions and to obtain money, funds, assets and other property owned by, and under the custody and control of the Victim Financial Institutions by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS OF THE CONSPIRACY

6. In furtherance of the conspiracy and to effect the objects thereof, defendant and others utilized, among others, the following manner and means:

7. It was part of the conspiracy that defendant, and others on her behalf, solicited co-conspirators and other individuals to provide them with personal information. The personal information included information of victims unrelated to the conspiracy and obtained through fraudulent means. Using this personal information, defendant opened numerous credit cards at various financial institutions.

8. It was further part of the conspiracy that defendant used the credit cards to purchase luxury goods, flights, vacations, and to obtain cash advances, in addition to other normal daily expenses. Many of the items purchased were shipped to the Corvallis Cannabis Club, a marijuana retail sales business in Corvallis, Oregon which was owned and operated by defendant and other co-conspirators.

9. It was a further part of the conspiracy that defendant and her co-conspirators used the fraudulently obtained credit cards for their personal benefit, including using the funds to establish and operate a large marijuana grow and to cover the operating expenses of Corvallis Cannabis Club.

10. It was further part of the conspiracy that defendant and her co-conspirators ran up large balances on the credit cards. After making credit card purchases, payments were made to the cards from co-conspirator bank accounts that reduced the outstanding balances, allowing for additional purchases. Cash from Corvallis Cannabis Club was used to deposit into defendant's and co-conspirators' bank accounts to provide the funds necessary to make payments on the credit cards.

11. It was further part of the conspiracy that after numerous cycles of purchases and payments were made, the defendant and her co-conspirators reported to the banks that the payments made to the credit cards were fraudulent.

12. It was a further part of the conspiracy that, after defendant and her co-conspirators reported the alleged fraudulent nature of these transactions, the banks clawed back the previous payments made to the credit card companies and credited those funds back to the defendant's and co-conspirators' bank accounts, leaving the Victim Financial Institutions to bear the losses from the conspiracy.

13. It was a further part of the conspiracy that defendant and her co-conspirators withdrew the amounts refunded in amounts less than $10,000 to avoid detection from the banks. Defendant and her co-conspirators then distributed those funds to members of the conspiracy based on their role in the bust-out scheme.

14. Based on defendant's fraudulent conduct, financial institutions lost more than $1.5 million.

All in violation of Title 18, United States Code, Section 1349.

### COUNT 2
### (Aggravated Identity Theft)
### (18 U.S.C. § 1028A)

15. On or about January 25, 2018, in the District of Oregon, defendant **MARIAM GEVORKOVA** did knowingly possess, transfer, and use, without lawful authority, a means of identification of another person, to wit, the social security number of Minor Victim 1, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Section 1349, knowing that the means of identification belonged to another actual person,

All in violation of Title 18, United States Code, Section 1028A.

### COUNT 3
### (Conspiracy to Manufacture or Possess with Intent to Manufacture, Distribute, or Dispense Marijuana)
### (21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846)

16. Beginning at an exact date unknown and continuing through on or about June 2018, in the District of Oregon and elsewhere, defendant **MARIAM GEVORKOVA** did knowingly and willfully combine, conspire, confederate and agree, with other known and unknown persons, to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, Marijuana, a Schedule I controlled substance,

All in violation of Title 21 United States Code, Sections 841(a)(1), (b)(1)(C), and 846.

/ / /

/ / /

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c))

17. Upon conviction of one or more of the offenses alleged in Counts 1 and 3 of this Information, defendant **MARIAM GEVORKOVA** shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the violations, including but not limited to a money judgment for a sum of money equal to the amount of property involved in the conspiracy.

18. If the above-described forfeitable property, as a result of any act or omission of defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: August 31, 2020

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

/s/ *Gavin W. Bruce*
GAVIN W. BRUCE, OSB No. 113384
Assistant United States Attorney