**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Gavin W. Bruce
Assistant U.S. Attorney
Gavin.Bruce@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 3, 2020

Fred Minassian
101 N Brand Blvd
Suite 1970
Glendale, CA 91203

    Re:    *United States v. Mariam Gevorkova*
           Case No. 6:20-CR-00409-MC
           Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to waive indictment and plead guilty to Counts 1-3 of the Information, which charges Conspiracy to Commit Bank Fraud in violation of Title 18, United States Code, Section 1349, Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028A, and Conspiracy to Manufacture or Possess with Intent to Manufacture, Distribute, or Dispense Marijuana in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846.

3.    **Penalties**: The maximum sentence for Count 1 is 30 years' imprisonment, a fine of $1,000,000 or twice the gross pecuniary gains or losses resulting from the offense, five years of supervised release, and a $100 fee assessment. The maximum sentence for Count 2 is a fine of $250,000, a one-year term of supervised release, a $100 mandatory fee assessment, and a mandatory two year term of imprisonment that is required to be served consecutive with any other term of imprisonment imposed upon defendant. The maximum sentence for Count 3 is 20 years' imprisonment, a fine of $1,000,000, no less than three years of supervised release, and a $100 fee assessment. Defendant understands that if a mandatory minimum sentence is required,

Fred Minassian
Re: Mariam Gevorkova Plea Agreement Letter
Page 2
September 3, 2020

this may restrict the application of downward departures, adjustments, and variances in some cases.

4.  **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Counts 1 through 3 of the Information, the government must prove the following elements beyond a reasonable doubt:

Conspiracy to Commit Bank Fraud

   (1) During the time period alleged in the Information, there was an agreement between defendant and at least one other person to commit bank fraud in violation of 18 U.S.C. § 1344;

   (2) Defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it; and

   (3) Third, some part of the conspiracy took place within the District of Oregon.

Aggravated Identity Theft

   (1) The defendant knowingly transferred, possessed, and used without legal authority a means of identification of another;
   (2) The defendant knew that the means of identification belonged to a real person; and
   (3) The defendant did so during and in relation to a violation of bank fraud, 18 U.S.C. § 1344.

Conspiracy to Manufacture or Possess with Intent to Manufacture, Distribute, or Dispense Marijuana

   (1) There was an agreement between two or more persons to distribute and manufacture marijuana; and
   (2) The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

Fred Minassian
Re: Mariam Gevorkova Plea Agreement Letter
Page 3
September 3, 2020

Defendant admits the elements of the offenses charged in Counts 1 through 3 of the Information. Defendant further agrees that the following facts are true and that the government could prove them beyond a reasonable doubt:

The government's investigation uncovered a credit card "bust-out" fraud perpetrated by Mariam Gevorkova and other co-conspirators. A credit card "bust-out" refers to a fraud scheme in which the perpetrators obtain credit cards for the purpose of making purchases and running up large balances with no intent to pay the amount owed. Bust-out schemes include making initial payments on the credit cards in order to make the cards appear legitimate, often leading to an increase in the credit limit. After making credit card purchases, payments are made to the cards from co-conspirator bank accounts that reduce the outstanding balances, allowing for additional purchases. After numerous purchases and payments are made, the co-conspirators report to their financial institution that the payments made to the cards were not authorized. The banks seek and obtain reimbursement from the card company and deposit those funds back into the account of the co-conspirator. No further payments are made on the credit cards, which results in losses to the financial institutions that are often substantially greater than the amount of the credit limit.

Proceeds from the credit card bust-out were used to establish and operate a marijuana grow and a state-licensed marijuana retail sales business in Corvallis, Oregon, Corvallis Cannabis Club ("CCC"). Gevorkova was an owner of CCC.

It was a part of the conspiracy that Gevorkova and other co-conspirators fraudulently obtained credit card accounts at federally insured institutions, including those listed in the Information. In addition to their own accounts, Gevorkova and her co-conspirators opened credit card accounts using stolen and fictitious identities, including the identity of Adult Victim D.W. referenced in Count 2. Gevorkova and her co-conspirators used the fraudulently obtained credit cards for their personal benefit, including using the funds on expensive jewelry, clothing, gambling, vacations, as well as establishing and operating the large marijuana grows and covering the operating expenses of Corvallis Cannabis Club.

Mariam Gevorkova acted as a manager and supervisor of both the credit card bust-out conspiracy and the marijuana conspiracy.

Regarding the credit card fraud conspiracy, Gevorkova obtained numerous credit cards using personal identifying information of others as part of the conspiracy, often working with co-conspirators to create fake or altered identification information, such as fake Oregon ID cards. Gevorkova recruited others into the conspiracy, enticing workers at Corvallis Cannabis Club to engage in the fraud for a monetary kickback. Gevorkova also assisted other co-conspirators by calling the banks and reporting that the payments made to credit cards were fraudulent. Gevorkova in turn used, for her own benefit and that of CCC, fraudulent credit cards opened by

Fred Minassian
Re: Mariam Gevorkova Plea Agreement Letter
Page 4
September 3, 2020

other co-conspirators. The investigation has uncovered loss to the financial institutions from the conspiracy totaling over $1,500,000.

As part of the credit card fraud conspiracy, Gevorkova and her co-conspirators used the proceeds of the conspiracy to establish and operate marijuana grows and CCC. The investigation uncovered two active marijuana grows, both of which were not licensed by the State of Oregon. One marijuana grow was located in a warehouse one block away from CCC. Gevorkova and her codefendants established the marijuana grow and paid for expenses, such as rent, utilities, and growing supplies, utilizing credit cards from the fraud conspiracy. On June 12, agents seized over 1,200 marijuana plants from the warehouse. The marijuana grown at the warehouse was shipped out of state, including to California, Illinois, and Florida.

Marijuana from the warehouse grow was also sold at CCC. Gevorkova and her co-conspirators purchased marijuana from state-licensed marijuana distributors, which it then entered into Oregon's Cannabis Tracking System. The product purchased would be very cheap. Gevorkova and her co-conspirators would replace this cheap product with marijuana grown at the illegal marijuana grow sites, raise the price, and sell to consumers at a substantial profit. Gevorkova and her co-conspirators would then sell the state-licensed and tracked marijuana illegally to others, including out-of-state purchasers.

Gevorkova and her co-conspirators established a second grow location in Philomath, Oregon in 2018. This grow was also not licensed by the State of Oregon. Funds from the credit card fraud conspiracy were used to establish and operate the Philomath grow. On June 12, agents seized over 200 marijuana plants.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: Defendant and the government agree that the following sentencing guidelines calculation is accurate:

Conspiracy to Commit Bank Fraud
- USSG 2B1.1(a): Base Offense Level                         7
- USSG 2B1.1(b)(1)(I): Loss Amount:($1.5 mil+)              +16
- USSG 2B1.1(b)(2)(A)(i):Over 10 Victims                    +2
- USSG 2B1.1(b)(10)(C): Sophisticated Means                 +2
- USSG 3B1.1(b) Aggravating Role                            +3
    o **Total Fraud Conspiracy Offense Level:**             **30**

Fred Minassian
Re: Mariam Gevorkova Plea Agreement Letter
Page 5
September 3, 2020

Conspiracy to Manufacture or Possess with Intent to Manufacture, Distribute, or Dispense Marijuana
- USSG 2D1.1(c)(8): Base Offense Level         24
- USSG 2B1.1(b)(12): Facility Enhancement      +2
- USSG 3B1.1(b) Aggravating Role               +3
  - **Total Drug Offense Level:**              **29**

Additional Guidelines
- USSG 3D1.4: Multiple Counts                  +2
  - **Total Offense Level:**                   **32**

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.  **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as to Counts 1 and 3, to be run consecutive to the 24-month mandatory prison sentence on Count 2, as long as defendant demonstrates an acceptance of responsibility as explained above. Defendant reserves the right to seek a sentence as low as the 24-month mandatory prison sentence on Count 2.

10. **Additional Departures, Adjustments, or Variances**:

    A.  Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment, or variance shall be limited to USSG § 5K2 or 18 U.S.C. § 3553. In addition, the government agrees to recommend a one-level downward variance under 18 U.S.C. § 3553.

    B.  Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant

Fred Minassian
Re: Mariam Gevorkova Plea Agreement Letter
Page 6
September 3, 2020

agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial

Revised May 2018

Fred Minassian
Re: Mariam Gevorkova Plea Agreement Letter
Page 7
September 3, 2020

Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Information dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing

Fred Minassian
Re: Mariam Gevorkova Plea Agreement Letter
Page 8
September 3, 2020

address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17. **Deadline**: This plea offer expires if not accepted by September 11, 2020 at 3:00p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

/s/ Gavin W. Bruce
GAVIN W. BRUCE
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

9-8-20
Date

Mariam Gevorkova

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/3/20
Date

Fred Minassian
Attorney for Mariam Gevorkova

Revised May 2018