John J. Stanley
& Associates
330 North Brand Boulevard, Suite 1250
Glendale, California 91203
Tel: 818.769.5200  FAX: 818. 301.2271

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIAM GEVORKOVA,<br><br>    Defendant | Case No.: 6:20CR00409-001-MC<br><br>DEFENSE SENTENCING POSITION |

TO THE HONORABLE, MICHAEL McSHANE, JUDGE; THE CLERK OF THE COURT; AND TO GAVIN BRUCE, ESQ., ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that defendant, Mariam Gevorkova, by and through his attorney of record, John J. Stanley, presents the following position re: sentencing.

This position is based on the attached memorandum of points and authorities, all files, and records in the case, and on such further evidence or argument as may be presented at the sentencing hearing.

Dated: November 4, 2022                                                  Respectfully submitted,


                                                                                                    John J. Stanley
                                                                                                    Attorney for Mariam Gevorkova

DEFENSE SENTENCING POSITION - 1

# 1.
## INTRODUCTION

On October 13, 2020, in Case No. 6:20CR00409, defendant Gevorkova pleaded guilty to Count 1, a violation of 18 U.S.C §1349, commonly known as Conspiracy to Commit Bank, Count 2, a violation of 18 U.S.C §1028A, commonly known as Aggravated Identity theft, and Count 3, a violation of 21 U.S.C §§841(a)(1), 841(b)(1)(C) and 846, commonly known as Conspiracy to Manufacture or Posses with intent to Manufacture, distribute or dispense Marijuana, a schedule 1 controlled substance.

The U.S. Probation Office's Pre-sentence Report (PSR) establishes defendant's Total Offense Level to be 29, and that the defendant falls within Criminal History Category II.

Based upon the argument set forth hereinafter, the defendant respectfully requests this Court impose the most legally minimal custodial sentence.

# 2.
## ARGUMENT

Since the advent of <u>United States v. Booker</u>, 543 U.S. 220, the trial court's exercise of judicial discretion has become fundamental to the fair administration of justice. Indeed, the trial court now suitably sits in absolute equity at the time of the imposition of sentence. Therefore, in in light of the Court's inherent authority to impose sentence in this matter, the defendant submits the following equitable argument.

The defendant concurs in part that also contests in part some of the conclusions contained within the presentence report. While she concedes that greed did become a motivation for the underlying illegal conduct, she contends that the conduct began under very different circumstances. The defendant offers no legal excuse for the crime committed, but she respectfully requests this court consider that the conduct was initiated through what she now understands was an erroneous and distorted cultural weakness. At the beginning of the conduct that led to her arrest defendant Gevorkova was in her late 20s. She was born in Armenia, having entered the country legally. She was educated through high school in the US. She contends that

DEFENSE SENTENCING POSITION - 2

at the time of the underlying illegal conduct she was still subject to the strict, patriarchal influences of her culture.

Consequently, when the criminal enterprise began, being the only female, the only English speaker, and the only typist in the group she felt innately compelled to acquis and submissively go along with the plan, rather than do what she now knows would have been correct. As stated above she now fully realizes that her hesitancy was superseded by avarice.

**(a) Total Remorse:**

Defendant is ashamed and remorseful. There is no greater indicator of her level of shame and remorse, nor demonstration of her respect for authority, than the fact that upon being arrested for the underlying crime, she was the first defendant in the case to accept responsibility and to change her plea.

Defendant Gevorkova attempted to cooperate with the government. While she was unable to provide substantial assistances, she remains ready, if necessary, to testify at the trial. It should be noted that, during the pendency of her cooperation, the defendant was continually admonished by both the government and defense counsel not to anticipate any extraordinary leniency as a result of her acceptance of responsibility and cooperation. Notwithstanding, she remained steadfast and continued to be cooperative.

Defendant's regret for the impact her conduct has had on the victims of this crime, is superseded only by her despair regarding her sense of failure as a Mother, daughter, sister, and wife. She has been truly humbled by the realization of the residual effect of her conduct upon her son, parents, sister, and other family members. Indeed, she concedes that words cannot express the spiral of self-loathing and self-deprecation that has overwhelmed her based on the knowledge that her own malfeasance and lack of judgment will deprive her son of the companionship of his biological mother, and, her family members of her continued love and fiscal support.

Defendant's desire to make amends with any person or entity that has suffered as a result of her conduct in this case is only outweighed by her avidity to prove to her family, and society in general, that she is a good person who made a terrible series of mistake.

DEFENSE SENTENCING POSITION - 3

**(b) Total acceptance of responsibility:**

It is uncontested that defendant Gevorkova has accepted full and unequivocal responsibility for the offenses. She pleaded guilty at the earliest stage of the proceedings and attempted to cooperate and assist the case agents in their investigation.

As stated, defendant does not contest the fact that she is guilty. However, defendant respectfully requests this Court consider the following in determining the appropriate sentence in this case:

The defendant is 36 years old. Since her arrest in this case, she has lived a productive and law-abiding life and has maintained employment in order to help financially support her family. She faced some economic hardship at the time of this offense. While it doesn't excuse her conduct, it is a fact that her prior criminal history rendered her virtually unemployable.

Indeed, during her interviews with opposing counsel the case agents and US probation officer she admitted that once the enterprise was on going, she was driven in part by greed but also stated that at the outset she was both intimidated and found that to a certain extent she had no choice but to comply with the co-conspirators' expectations. Her designation as a " Manager or supervisor" in the PSR is derived more from the fact that she spoke fluent English and had some typing expertise, than that she conceived of the underlying criminal enterprise. However, she now fully understands that reasoning does not excuse her from prosecution.

The defendant acknowledges that nothing excuses her conduct. She is also well aware that, in and of itself, her acceptance of responsibility and admission that she has, in fact, committed a crime, while demonstrating some strength of character, does not absolve her from the conduct. The defendant does, however, respectfully contend that justice might better be served if punishment imposed in the instant case were to be tempered by an acknowledgment of the environment in which the crime arose. She continued to participate in a pattern of criminal conduct because it was, in her then emotional state, inconceivable that she would disassociate herself from, or report to authorities, the men she was being influenced by. Based on her arrest and understanding of the awesome power of the judicial system, she now, understandably regrets the immaturity of her decisions. She contends, without any intent to minimize the underlying crime, that her misconduct was as much a result of impetuosity and bad judgment as of sophisticated, criminal intent.

DEFENSE SENTENCING POSITION - 4

The defense contends that in the totality of the circumstances, such facts warrant leniency in the form of a departure from the guideline sentencing range in the instant case.

**(c) Non-violent activity:**

No evidence has been presented, nor has any claim been made, that during the underlying conduct this defendant was in any way violent. While the characterization of the conduct as 'non-violent' does not diminish the egregiousness of the offense, it does indicate that no threats of force, violence, or intimidation in any form occurred during its commission.

**(d) Minimal financial gain:**

While defendant Gevorkova concedes there was significant financial gain from the underlying enterprise, it appears from the financial evaluation of her current circumstances conducted by Probation, that she may not have been the primary beneficiary. Indeed in the years since the conduct terminated she has contributed to traditional family expenses by working whenever she could for modest compensation.

### 3.
### 18 U.S.C. SECTION 3553 FACTORS

Defendant Gevorkova respectfully requests this Court impose a sentence in this matter that requires confinement for the minimum possible period.

18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense in addition to the nature and characteristics of the defendant. Defendant is contrite and remorseful. While the defendant offers no legal excuse for her conduct, she contends that she became entangled in a cycle of toxic misogyny, which initially she found difficult to oppose or resist, and in which she voluntarily participated.

There is no dispute that in this case defendant Gevorkova got her hand caught in the proverbial cookie jar, but she respectfully requests this Court consider the factors set forth in this sentencing position as an indication that the illegal conduct will never re-occur.

18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of defendant. While it doesn't appear to have risen to the level of "substantial assistance", the defendant did meet with the case agents and the Assistant United States Attorney in an effort to assist in the investigation. In addition, she accepted responsibility at an early stage of the

DEFENSE SENTENCING POSITION - 5

proceeding which demonstrates in the most fundamental way that she understands the seriousness of the offense and indicates her respect for the rule of the law and the awesome power of this court.

In terms of deterrence from future criminal conduct and respect for the rule of law, while it is acknowledged that some offenders may need to be isolated from society for extended periods of time in order to be adequately rehabilitated, as to this defendant and her particular circumstances, there may be no substitute for the degree of shame she will suffer for the rest of her life as she tries to rebuild a relationship with her family. As indicated above, this defendant is truly humbled by the awesome power of the law and the disgrace she has brought upon her child, parents, siblings, and herself.

18 U.S.C. § 3553(a)(3) requires the Court to consider the kinds of sentence available. The defendant acknowledges that a custodial sentence is mandatory in this case. However, based on the current circumstances of this defendant, she respectfully requests that the 2 year mandatory minimum be imposed and that the court find it sufficient to order a period of home confinement concurrent with a counseling program in lieu of additional custody on the non-mandatory offenses. The defendant contends that such a sentence would both satisfy the legislative requirement of the imposition of a custodial sentence, and also allow her to demonstrate that she can be a valid, contributing member of society.

18 U.S.C. § 3553(a)(4)&(5) now merely require the Court to take the sentencing guidelines as "advisory." And to consider any additional policy guidelines.

18 U.S.C. § 3553(a)(6) requires the Court to minimize sentencing disparity among similarly situated defendants.

Finally, 18 U.S.C. § 3553(a)(7) requires the Court to consider restitution. Defendant stands ready to remain gainfully employed and to comply with any order issued by this Court related to restitution.

## 4.
## CONCLUSION

Defendant Gevorkova respectfully petitions this Court to consider imposing the minimum possible custodial sentence in this case. She is seeking leniency from the Court, not only because of the person she has become but also because she is committed to making amends for her past conduct and contributing positively to society.

DEFENSE SENTENCING POSITION - 6

The defendant remains willing to comply with any sentence, special assessments, penalties and conditions, that the Court sees fit to impose.

Dated: Novemeber 04, 2022          Respectfully submitted,

                                           /s/

                                           John J. Stanley

                                           Attorney for Mariam Gevorkova