IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,   Case No. 6:20-cr-00409-MC

OPINION AND ORDER

        Plaintiffs,

   v.

MARIAM GEVORKOVA,

        Defendants.
_____

MCSHANE, Judge:

     Defendant Mariam Gevorkova moves to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. Reduce Sent. 1, ECF No. 205 ("Def.'s Second Mot."). Because Ms. Gevorkova has failed to demonstrate that extraordinary and compelling reasons exist to justify compassionate release, her Motion is DENIED.

## **BACKGROUND**

     On February 9, 2023, Ms. Gevorkova pleaded guilty to conspiracy to commit bank fraud; conspiracy to manufacture, distribute, or dispense marijuana; and aggravated identity theft. The Court sentenced her to 60 months' imprisonment. J. & Commitment 1–3, ECF No. 183. Ms. Gevorkova was housed at Federal Correctional Institution Dublin ("FCI Dublin") when she first moved for compassionate release. Def.'s Mot. Compassionate Release 2, ECF No. 195. In that motion, she argued that both her declining health and the negative impact of her incarceration on her child justified granting her motion. *Id.* at 6. The Court, holding that Ms. Gevorkova had neither demonstrated the existence of extraordinary and compelling reasons justifying

1 – Opinion and Order

compassionate release nor established that her release would comport with the factors set forth in § 3553(a), denied her motion. Op. Order 3, ECF No. 201.

FCI Dublin has since been shut down, and Ms. Gevorkova was transferred to Federal Medical Center, Lexington ("FMC Lexington"). Def.'s Second Mot. 2; Gov't's Resp. 2, ECF No. 207. Ms. Gevorkova now moves for compassionate release from FMC Lexington. Def.'s Second Mot. 13.

## **LEGAL STANDARD**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c)(1)(A). However, a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)—otherwise known as compassionate release—acts as an exception to this rule, allowing a court to reduce a defendant's term of imprisonment under certain conditions. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (citing § 3582(c)(1)).

For a defendant to directly petition a district court for compassionate release, they must first exhaust all administrative remedies available through the Bureau of Prisons ("BOP") or wait 30 days from when the defendant's request for release was received by the facility's warden. § 3582(c)(1)(A). Where this exhaustion requirement is met, the district court may grant a defendant's motion for compassionate release if it finds that (1) "extraordinary and compelling reasons" justify the sentence reduction; (2) a reduction would be consistent with applicable U.S. Sentencing Commission policy statements; and (3) the factors set forth in 18 U.S.C. § 3553(a) warrant the reduction. *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (quoting § 3582(c)(1)(A)). The defendant has the burden of establishing each requirement. § 3582(c)(1)(A); *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). If the defendant fails to satisfy

any of the requirements, the court may deny without assessing the remaining requirements. *Keller*, 2 F.4th at 1284.

## DISCUSSION

Ms. Gevorkova argues that because she has health problems, received inadequate medical treatment at FCI Dublin, and currently receives inadequate medical care at FMC Lexington, compassionate release is warranted. It is undisputed that Ms. Gevorkova has exhausted all administrative remedies; however, Ms. Gevorkova has failed to demonstrate the existence of extraordinary and compelling reasons justifying her release.

Ms. Gevorkova contends that, because FCI Dublin was shut down, the conditions there constituted extraordinary and compelling circumstances. Def.'s Second Mot. 7. The Court does not agree. Ms. Gevorkova points to conclusions made by Judge Yvonne Gonzalez Rogers about the generally poor conditions at FCI Dublin, such as a lack of programing, inadequate food, and some retaliatory behavior by staff. *Id.* at 8. However, Ms. Gevorkova does not connect many of those conditions with her own experiences. Instead, Ms. Gevorkova argues that because of the poor conditions at FCI Dublin, she still requires medical treatment at FMC Lexington. *Id.* She further argues that her continuing health issues are not being adequately managed at FMC Lexington. Def.'s Reply 2, ECF No. 209.

As stated in the Court's denial of Ms. Gevorkova's first motion for compassionate release, the Court recognizes that Ms. Gevorkova suffers from some serious medical health issues. *See* Op. Order 3. However, the Court's conclusion on compassionate release has not changed—Ms. Gevorkova's health issues do not rise to the level of extraordinary and compelling reasons justifying her release. The fact that Ms. Gevorkova's health issues have continued is not proof, as she suggests, that her past treatment at FCI Dublin was inadequate. Additionally, Ms.

Gevorkova's medical treatment at FMC Lexington does not amount to extraordinary and compelling circumstances.

Though the medical records presented to the Court are very limited, Ms. Gevorkova describes in her motion that she "visits the medical department in FMC Lexington 2-3 times a week for continued pain, high blood pressure, and loss of vision." She receives pain-relieving medications regularly, underwent a procedure to drain the mass at the base of her head, and may soon receive another surgery. Def.'s Second Mot. 3, 9, 10. While Ms. Gevorkova asserts that this care is deficient, she does not explain what would constitute adequate care for her ailments. It would of course be ideal if her conditions could be completely resolved, but many conditions are incurable, and medical treatment in prison is not required to be ideal or curative to be sufficient.

Ultimately, Ms. Gevorkova has failed to prove that there exist extraordinary and compelling reasons justifying compassionate release.

## CONCLUSION

For the reasons stated above, Ms. Gevorkova's Second Motion for Compassionate Release, ECF No. 205, is DENIED.

IT IS SO ORDERED.

DATED this 21st day of July 2025.

_____s/Michael J. McShane_____
Michael J. McShane
United States District Judge

4 – Opinion and Order